| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FEIN, SUCH, KAHN & SHEPARD, P.C.**<br>Counsellors at Law<br>6 Campus Drive, Suite 304<br>Parsippany, New Jersey 07054<br>(973) 538-4700<br>Attorneys for Movant<br>Chestnut Trust<br>R.A. LEBRON, ESQ.<br>CNH-002<br>bankruptcy@fskslaw.com | Case No.: 24-22506 MBK |
| In Re:<br><br>AA UNIQUE HOMES NJ LLC<br><br>    Debtor(s). | Adv. No.: N/A<br><br>Chapter: 11<br><br>Hearing Date: February 20, 2025<br><br>Judge: HONORABLE MICHAEL B. KAPLAN, CHIEF JUDGE<br><br>**CERTIFICATION IN SUPPORT OF MOTION** |

I, Ray Anthony Lebron, Esq., hereby declare:

    1.    I am an attorney associated with the law firm of Fein, Such, Kahn & Shepard, P.C., attorneys for Chestnut Trust ("Movant"), and I am fully familiar with the facts and circumstances of the within matter.

    2.    This certification is made in support of Movant's Motion to Vacate Automatic Stay Pursuant to 11 U.S.C. 362(d), to Obtain Prospective Relief and/or In-Rem Relief under 11 U.S.C. 362(d)(4) and for Waiver of the 14 Day Stay Pursuant to Fed. R. Bankr. P. 4001(a)(3).

    3.    On February 2, 2023, Nirali Patel of AA Unique Homes NJ LLC executed to Chestnut Trust, a Note in the face amount of

$188,000.00. Movant is the holder of the Note. The Note and endorsement(s), if applicable, are attached hereto and marked as Exhibit "A" (hereinafter, "Note").

4. On the same day, to secure said Note, a Mortgage was executed by Nirali Patel of AA Unique Homes NJ LLC to Chestnut Trust on property commonly known as 116-22 Pineview Terrace, Plainfield, NJ, 07602, which mortgage was recorded in the Office of the UNION County Clerk/Register on February 3, 2023 in Mortgage Book 15330, Page 2374, et seq. *See* Mortgage attached hereto and marked as Exhibit "B" (hereinafter, "Mortgage").

5. On the same day, a Collateral Assignment of Leases and Rents was executed by Nirali Patel as sole member of AA Unique Homes NJ LLC in favor of Chestnut Trust. A copy is attached hereto and marked as Exhibit "C" (hereinafter, "Assignment of Rents").

6. The Note and Mortgage were guaranteed by Nirali Patel and Bhavesh Patel. *See* Commercial Guaranty Agreements attached hereto and marked as Exhibit "D".

7. A Complaint in Foreclosure was filed with the Superior court of New Jersey, Chancery Divisions, Union County under Docket No. SWC-F-012311-23.

8. Final Judgment in Foreclosure was entered in the Superior Court Clerk's Office on March 28, 2024. *See* filed Final Judgment attached hereto and marked as Exhibit "E".

9. A Sheriff's Sale on 116-22 Pineview Terrace, Plainfield, NJ, 07602 (the "Property") was held on December 11, 2024 at which time the Property was sold to a third party purchaser.

10. Pursuant to New Jersey Court Rule 4:65-5, the debtor has ten (10) days to redeem the Property.

11. Debtor filed the Petition in Bankruptcy on December 20, 2024. *See* ECF No. 1.

12. The bankruptcy petition was filed prior to the expiration of the ten (10) day statutory redemption period.

13. In accordance with 11 U.S.C. 108(b), the statutory redemption period was extended sixty (60) days from the date of bankruptcy filing and shall expire on February 18, 2025.

14. Upon expiration of the extended redemption period, unless redeemed, the Plaintiff in the foreclosure action will be entitled to the completion of the Sheriff Sale and the transfer of title to the third party purchaser as the Debtor/Occupant will have no cognizable interest in the Property whereby they are at all protected by the Bankruptcy Court.

15. In addition to vacating the automatic stay, the within motion requests that an order be entered granting Movant prospective and/or in-rem relief so that any future filings by this debtor or any other party with respect to the Property shall not act as a bar on the state court proceedings, including eviction proceedings. If the requested relief is not granted, Movant may be substantially harmed since any future filing would be filed solely or primarily to delay or hinder the conclusion of the foreclosure action including the purchaser's right to the transfer of the deed and to take legal possession of the Property.

16. The Movant seeks a waiver of the 14 day stay pursuant to

Fed. R. Bankr. P. 4001(a)(3). If the right of redemption is not exercised by the deadline, both Movant and the third party purchaser have the legal right to conclude the foreclosure sale and allow the transfer of title as promptly as possible. Any significant delay could jeopardize the foreclosure sale forcing Movant to incur additional losses.

17. For the foregoing reasons, it is respectfully requested that the Court enter the proposed Order Granting Motion to Vacate Automatic Stay Pursuant to 11 U.S.C. 362(d), to Obtain Prospective Relief and/or In-Rem Relief under 11 U.S.C. 362(d)(4) and for Waiver of the 14 Day Stay Pursuant to Fed. R. Bankr. P. 4001(a)(3) so as to allow the Plaintiff/Movant to conclude its foreclosure action on the Property.

18. Movant respectfully submits that it is entitled to the requested relief and the granting of this motion is appropriate and proper.

19. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 01/16/2025

FEIN, SUCH, KAHN & SHEPARD, P.C.
Attorneys for Movant,
Chestnut Trust

/s/ R.A. Lebron, Esq.
R.A. LEBRON, ESQ.